UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TITO ALBERTO PAVON and RODNEY
CASTILLO, on behalf of themselves and other
similarly situated individuals,

          Plaintiffs,

     v.

JANON ELECTRIC CORP., MICHAEL'S ELECTRICAL
CONTRACTING INC., MICHAEL POSAS,
and IRENE POSAS,

          Defendants.
------------------------------------------------------------x

Civ. Action No.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Tito Alberto Pavon and Rodney Castillo ("Plaintiffs"), by their attorneys Giskan Solotaroff & Anderson LLP, and on behalf of themselves and other similarly situated current and former employees of Janon Electric Corp. ("Janon"), Michael's Electrical Contracting Inc. ("Michael's"), Michael Posas, and Irene Posas allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves, and other similarly situated, current and former non-supervisory employees who worked at Janon and Michael's and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid overtime wages from Janon and Michael's for their work, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiffs also allege that they, along with a class of current and former Janon and Michael's non-supervisory employees, are entitled to unpaid overtime wages from Janon and Michael's for their work and unpaid back "spread of hour wages from Janon and Michael's

1

for those days in which they worked in excess of ten (10) hours and liquidated damages under New York State Labor Law.

## JURISDICTION AND VENUE

3.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

4.	Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) as a substantial part of the events or omissions giving rise to the claim occurred in this district insofar as Plaintiffs and members of the Class worked in this district for Defendants.

5.	This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.	Plaintiffs Pavon and Castillo are adult individuals who reside in Flushing, New York.

7.	Defendant Janon Electric Corp. is a New York corporation with its principal place of business in East Elmhurst, New York.

8.	Defendant Michael's Electrical Contracting Inc. is a New York Corporation with its principal place of business in East Elmhurst, New York.

9.	Defendant Michael Posas, on information and belief, is, and has been at all relevant times, the owner and chief executive of Janon and Michael's. As set forth below, Defendant Michael Posas is an employer within the meaning of the FLSA and the New York Labor Law.

10. Defendant Irene Posas, on information and belief, is, and has been all relevant times, a manager at Janon and Michael's and responsible for payroll and human resources functions.

**FACTS**

11. Defendant Michael Posas and his late father, George Posas, have operated an electrical contracting business through several corporate entities for many years. During the relevant period, those entities were Michael's and more recently Janon. Both Michael's and Janon performed work and employed Plaintiffs and other employees throughout New York City but most frequently in Manhattan.

12. Plaintiff Pavon was employed as an electrician for Janon and Michael's, and their predecessors, from July 2004 to February 2020. Plaintiff Castillo was employed as an electrician for Michael's and its predecessor from September 2008 to 2010 and then again from 2012 until July 2018. As electricians, Plaintiffs were not subject to an exemption from the federal and New York laws requiring employers to pay employees time and a half wages for all hours that exceeded 40 hours in a week

13. Throughout his employment with Defendants, Plaintiff Pavon would often work as many as 18 hours a day and 75 to 80 hours a week. Plaintiff Castillo would often work six days a week and as many as 50 hours per week.

14. Defendants would generally pay Plaintiffs for a single pay period with a combination of checks and cash. The total amount would not, however, include time and a half wages for the hours they worked that exceeded 40 hours per week.

15. Plaintiffs would frequently work in excess of 10 hours per day without receiving the premium pay required by the New York State Labor Law.

16. Similarly, other electricians employed by Defendants told Plaintiffs that they

consistently worked in excess of 40 hours weekly and were not paid time and a half wages for their overtime hours.

17.  Defendant Michael Posas determined the hours that Plaintiffs and the Class worked and their rates of pay by assigning them to worksites, often six or seven days a week, and setting the work hours for the assignments.

18.  Defendant Irene Posas was responsible for handling payroll and therefore was directly involved in setting the pay rates for Plaintiffs and the Class.

19.  Defendants willfully failed to pay Plaintiffs and other electricians overtime wages for their services and labor in violation of the FLSA and willfully failed to pay Plaintiffs.

## **COLLECTIVE ACTION ALLEGATIONS**

20.  On information and belief, the source of which is Plaintiffs' experience working for Defendants and their communications with other electricians employed by Defendants, Defendants did not pay overtime wages to any of their electricians who worked in excess of 40 hours per week during the class period.

21.  Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were employed at by Defendants as electricians and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the FLSA (the "Collective Action Members") at any time since July 28, 2017 to the entry of judgment in this case (the "Collective Action Period").

22.  This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there about 50 to 60 Collective Action Members during the Collective

4

Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

23. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

> A. Whether Defendants employed the Collective Action Members within the meaning of the FLSA;
>
> B. Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;
>
> C. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

D.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees;

E.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

F.  Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs were employed, in violation of C.F.R. § 516.4; and

G.  Whether Defendants should be enjoined from violations of the FLSA in the future.

26. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28. On information and belief, the source of which is Plaintiffs' experience working for Defendants and their communications with other electricians employed by Defendants, Defendants did not pay overtime wages to many of their electricians who worked in excess of 40 hours per week during some or all of the class period.

29. Plaintiffs bring New York Labor Law claims on behalf of all persons who are or were employed by Defendants as electricians in the State of New York and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay in violation of the New York Labor Law (the "Class") at any time since July 28, 2014, to the entry of judgment in this case (the "Class Period").

30. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Janon, upon information and belief, there are at least 40 members of the Class during the Class Period.

31. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

32. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

33. Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

34. Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs have no interest that is contrary to or in conflict with the members of the Class.

35. Plaintiffs' claims are typical of the Class.

36. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    A. Whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

    B. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    C. Whether Defendants failed and/or refused to pay the members of the Class

premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

D. Whether Defendants failed to pay the Class premium pay for hours worked in excess of ten hours a day within the meaning of the New York State Labor Law and 12 N.Y.C.R.R. § 142-2.4;

E. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

F. Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## FIRST CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*)

37. For this cause of action, "Plaintiffs" refers to the named Plaintiffs and any other employee of Janon who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations contained in the foregoing paragraphs.

38. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent is attached hereto as Exhibit A and incorporated by reference.

39. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

40. At all times relevant to this action, Plaintiffs were engaged in commerce and/or Janon was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

41. Defendants willfully failed to pay Plaintiffs overtime compensation at rates not

less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

42. Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

43. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NEW YORK LABOR LAW §§ 190 *et seq*, 650 *et seq*)

44. Plaintiffs allege and incorporate by reference the foregoing allegations.

45. At all times relevant to this action, Plaintiffs and the putative class were employed by Defendants within the meaning of New York Labor Law §§ 2, 190 and 651.

46. Defendants willfully violated the rights of Plaintiffs and the putative class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq*, and its regulations, N.Y.C.R.R. § 142-2.2.

47. Defendants willfully violated the rights of Plaintiffs and the putative class by failing to pay them an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations, N.Y.C.R.R. § 142-2.4.

48. Defendants willfully violated the rights of Plaintiffs and the putative class by failing to pay them wages due and owing for work performed in violation of the New York State Labor Law.

49. Due to Defendants' New York Labor Law violations, Plaintiffs and the putative class are entitled to recover from Defendants, jointly and severally, their unpaid overtime

compensation, their unpaid "spread of hours" wages, their unpaid wages, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the putative class respectfully request that this Court grant the following relief:

A.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

B.     Declare Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA, New York State Labor Law and the New York Minimum Wage Act;

C.     Award Plaintiffs and the putative class their unpaid overtime compensation under the FLSA;

D.     Award Plaintiffs and the putative class their unpaid overtime compensation, unpaid wages, and unpaid "spread of hour" wages pursuant to the New York State Labor Law, the New York Minimum Wage Act and the New York State Department of Labor Regulations;

E.     Award Plaintiffs and the putative class liquidated damages due to Defendants' willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

F.     Award Plaintiffs and the putative class liquidated damages pursuant to New York Labor Law §198(1-a).

F.     Award Plaintiffs and the putative Class prejudgment interest;

G.     Award Plaintiffs and the putative Class attorneys' fees and the costs of this action; and

H.     Such other relief as the Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       July 28, 2020

                                Respectfully submitted,

                                GISKAN SOLOTAROFF
                                & ANDERSON LLP

                By: _____/s/_____

                                Jason L. Solotaroff
                                Amy Robinson
                                90 Broad Street, 10th Floor
                                New York NY 10004
                                (212) 847-8315
                                ATTORNEYS FOR PLAINTIFFS
                                AND THE PUTATIVE CLASS