# THE LAW OFFICES OF
# FAUSTO E. ZAPATA, JR., P.C.

One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165

Tel: 212-766-9870 / Fax: 212-766-9869
Email: fz@fzapatalaw.com
Web: www.LaborEmploymentLawFirm.com

March 28, 2022

Hon. Ona T. Wang
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  Pavon et al v. Janon Electric Corp., et al., SDNY
     Case No. 20 Civ. 05899 (ALC) (OTW)

Dear Judge Wang:

    I represent Plaintiff Tito Pavon in the above referenced matter. This action involves allegations by Plaintiffs Tito Pavon and Rodney Castillo (hereinafter collectively referred to as "Plaintiffs") that they are entitled to unpaid overtime wages, liquidated damages, and penalties, pursuant to the Fair Labor Standards Act and the New York Labor Law ("NYLL"), in addition to related NYLL wage claims; this action was brought in the form of a class and collective action.

    I submit this letter on behalf of Plaintiff Pavon and the other plaintiff in this action, Rodney Castillo, and Defendants Janon Electric Corp., Michael's Electrical Contracting Inc., Michael Posas, and Irene Posas (hereinafter collectively referred to as "Defendants") to obtain approval of a negotiated settlement in a lawsuit involving claims under the Fair Labor Standards Act. Enclosed, please find the proposed Settlement Agreement in connection with the above referenced matter, which is a fair and reasonable settlement for the reasons discussed below. *See*, Exhibit "A" for a copy of the proposed agreement.

    In *Cheeks*, the Second Circuit held that FLSA settlements had to be reviewed for compliance with the FSLA before the parties to the action could dismiss a case with prejudice by joint stipulation pursuant to FRCP 41(a)(1)(A)(ii). *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 21-102-cv (2d Cir. Jan. 27, 2022) (FLSA settlements must be reviewed for compliance with the FSLA before the parties to the action could dismiss a case, without prejudice, by joint stipulation pursuant to FRCP 41(a)(1)(A)(ii)); *Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. 2017) (bifurcated settlements, wherein FLSA claims are submitted to the court for approval, but parallel NYLL claims are not, is permissible because NYLL parallel claims do not require court approval); *see also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007); *compare with Gaughan v. Rubenstein*, 2017 U.S. Dist. LEXIS 107042, 2017 WL 2964818 (S.D.N.Y. 2017) (pre-litigation FLSA settlements do not require approval of the district court or the DOL if the plaintiff was represented by counsel);

*Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019) (holding that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims.")

Courts reviewing motions seeking approval to file a joint stipulation, pursuant to FRCP 41(a)(1)(A)(ii), dismissing FLSA claims with prejudice must be satisfied that the proposed settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015); *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself). For a court to find a settlement is fair and reasonable, "the parties must provide enough information for the court to examine the bona fides of the dispute." *Velasquez*, 137 F. Supp. 3d at 584.

To determine whether a settlement is fair and reasonable under the FLSA, courts consider the totality of circumstances, including but not limited to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020), quoting, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Factors that weigh against a finding that a proposed settlement is fair and reasonable include, "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Wolinsky*, 900 F.Supp.2d at 336.

### I. Plaintiff's range of possible recovery

Plaintiff Pavon was employed as an Electrician for Janon and Michael's, and their predecessors, from July 2004 to February 2020. Plaintiff Castillo was employed as an Electrician for Michael's and its predecessor from September 2008 to 2010 and then again from 2012 until July 2018.

With respect to Plaintiffs' FLSA and NYLL overtime claims, throughout his employment with Defendants, Plaintiffs allege that they would often work in excess of forty (40) hours in a workweek without receiving premium overtime pay equal to one and one-half times the regular rate of pay for all hours worked in excess of (40) in a workweek.

During the discovery stages of this case, Defendants turned over Plaintiffs' time and payroll records from 2016 to 2020, which Defendants allege are contrary to Plaintiffs' allegations and defeat a majority of Plaintiffs' claims. Plaintiffs contend that Defendants production of payroll records was incomplete in that Defendants did not produce records from other companies they controlled which also employed Plaintiffs during the relevant period.

The records that were provided, covering the period of time within the FLSA's 3-year statute of limitations, allowed Plaintiff Pavon to calculate how much he was owed for this period, in terms of unpaid overtime wages. Based on the aforementioned records, Plaintiff Pavon calculated that he was owed $20,656.06, including liquidated damages and interest, with respect to 2016 to 2020; Plaintiff, using his memory and calculations, estimated that he was owed approximately $10,500.00 for the period beginning in 2014 through 2015, not including liquidated damages and/or attorneys' fees. Using these aforementioned figures, Plaintiff Pavon's possible range of recovery for unpaid overtime wages, exclusive of attorney's fees, is in the range of $20,656.06 to $51,656.06 with the upper range including Plaintiff Pavon's NYLL unpaid overtime claims and Plaintiff Pavon's NYLL §§ 195(1) and (3) claims.

Plaintiff Castillo believed that much of his overtime work was not reflected in the records produced by Defendant. Based on Plaintiff Castillo's reflection of the overtime he worked, he was owed approximately $56,000 in unpaid overtime.

In terms of costs, Plaintiffs spent $1,000.00 to prosecute the instant matter.

## II. The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses

Counsel for the parties are experienced in litigating and resolving wage-and-hour matters. The parties engaged in extensive negotiations during mediation, with the assistance of Dennis J. Drebsky, a participating mediator with U.S.D.C. Mediation/ADR, on January 21, 2022, and after much discussion regarding the strengths and weaknesses and risks of going forward, the parties made a reasoned decision to settle this lawsuit due to the uncertainties of litigation and the likelihood that the legal fees associated with the Defendants' legal expenses in defending themselves through a dispositive motion or trial would exceed the settlement amount.

## III. The seriousness of the litigation risks faced by the parties

Parties to litigation face risk and expenses that are inherent in litigation, including appeals, and post-judgment collection proceedings. Here, the Plaintiffs also faces the risk of no recovery, a lower recovery or a delayed recovery because Defendants have produced Plaintiffs' time and payroll records for the claims within the FSLA statute of limitations, which Defendants claim show that Plaintiffs did not work the number of hours that they claimed to have worked and/or earn the wages that Plaintiffs claimed to have earned, which, Defendants contend, would result in less damages than what Plaintiffs claimed even if Plaintiffs succeeded on liability. On the other hand, the Defendants acknowledge that they may have exposure associated with the Plaintiff's claims and have assessed the likelihood of successfully defending this matter against the benefits of resolving this matter at this stage of the litigation process.

## IV. Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel

The settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests.

Moreover, the parties participated in mediation on January 21, 2022, with Dennis J. Drebsky, Esq., who assisted the parties' in identifying their positions' respective strengths and weaknesses, risk inherent in litigation, duration of time involved in litigation, *etc*. With the Mr. Drebsky's assistance and after discussing the strengths and weaknesses and risks of going forward at mediation, the parties made the reasoned decision to settle this lawsuit due to the uncertainties of litigation and the likelihood that the legal fees associated with Defendants' defense through a dispositive motion or trial would exceed the settlement amount.

### V. The possibility of fraud or collusion

Counsel who are experienced in litigation matters, including wage and hour litigation under the FLSA, represented the parties. Counsel for both sides utilized their experience and thoroughly analyzed the claims and defenses, determined the range of potential damages for Plaintiff, and engaged in arms-length negotiations to achieve a fair resolution for the parties. The parties themselves heavily were involved in the settlement negotiations and had the opportunity to carefully review the terms of the settlement agreement before execution.

Thus, there was no possibility of fraud and collusion throughout the process.

The parties represent to the Court that the settlement agreement is fair to the Plaintiff, reasonably resolves bona fide disagreements between the Plaintiffs and Defendants about the merits of the Plaintiff's claims; and demonstrates a good faith intention by the parties that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

On this basis, the settlement reached was fair and reasonable.

The parties agreed to settle Plaintiffs' FLSA and NYLL overtime claims, including statutory attorneys' fees, for $100,000.00, in up to six installments, as follows:

   a. Plaintiff Pavon will receive $60,000, in six monthly installments, in equal amounts, beginning, retroactively, on February 21, 2022, and ending on July 22, 2022, broken down as follows: (1) $6,000.00 in back wages, reportable on an IRS Form W-2; (2) $33,666.70 in liquidated damages and NYLL §§ 195(1) and 195(3) claims; and, (3) $19,833.30 in attorneys' fees, made out to Plaitniff Pavon's attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C.
   b. Plaintiff Castillo will receive $40,000, in four monthly installments, in equal amounts, beginning, retroactively, on February 21, 2022, and ending on July 22, 2022, broken down as follows: (1) $4,000.00 in back wages, reportable on an IRS Form W-2; (2) $22,333.36 in liquidated damages and NYLL §§ 195(1) and 195(3) claims; and, (3) $14,166.64 in attorneys' fees and expenses, made out to Plaintiff Castillo's attorneys, Giskan Solotaroff & Anderson, LLP.

### VI. Attorneys' Fees

Under the Fair Labor Standards Act and New York's Labor Law, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees.

In the FLSA context, attorneys' fees arise in three contexts: (1) applications following a ruling in favor of the plaintiff; (2) following a settlement where the agreement reserves the question of fees and costs for the court to decide; (3) settlement incorporating attorneys' fees and costs into the settlement amount. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601 (2d Cir. 2020).

### A. Reasonableness

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020), *citing, Cheeks*, 796 F.3d at 206.

> The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."

*Palmero v. EY Sales Corp.*, 19 CV 2679 (ARR) (CLP), at *6 (E.D.N.Y. June 22, 2020), *citing, Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Fisher*, 948 F.3d at 606.

"In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), *report and recommendation adopted*, 2010 WL 2545472 (E.D.N.Y. June 18, 2010)).

In any case, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *Dunbar v. 4399 Bronx Chicken LLC*, 20 Civ. 7884 (AT), at *2-3 (S.D.N.Y. June 9, 2021).

### B. Contingency Fee

The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010); *Dunbar v. 4399 Bronx Chicken LLC*, 20 Civ. 7884 (AT), at *4 (S.D.N.Y. June 9, 2021).

### C. Lodestar Method

Courts in this Circuit use the lodestar method to determine the reasonableness of attorney's fees sought in FLSA cases by scrutinizing the fee petition to ascertain the number of reasonably billed hours and then multiplying that figure by a reasonable hourly rate based on the "prevailing [hourly rate] in the community . . . where the district court sits."" *Dominguez v. 322 Rest. Corp.*, No. 14-CV-3643 (RA), at *2 (S.D.N.Y. May 9, 2019), citing, *Arbor Hill Concerned Citizens v. County of Albany*, 484 F.3d 162 (2d Cir. 2007). "Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. *Cowan v. Ernest Codelia, P.C.*, 2001 WL 30501 at *7; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)." *Palmero v. EY Sales Corp.*, 19 CV 2679 (ARR) (CLP), at *6 (E.D.N.Y. June 22, 2020).

### D. *Cross Check Petitioned Fee Award*

"The last step of the analysis is to cross-check the fee award against the lodestar multiplier." *James v. China Grill Mgmt., Inc.*, 18 Civ. 455 (LGS), at *5 (S.D.N.Y. Apr. 30, 2019). The lodestar multiplier is calculated by dividing the fee award by the lodestar (the reasonable hours billed multiplied by a reasonable hourly rate)." *Id.* At this stage, "'the district court may, in its discretion, increase the lodestar by applying a multiplier based on "other less objective factors," such as the risk of the litigation and the performance of the attorneys.'" *Ortiz v. Chop't Creative Salad Co. LLC*, 89 F. Supp. 3d 573, 590-591 (S.D.N.Y. 2015).

### E. *Contingency Fee Cross-Checked Against Lodestar*

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. *See, McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. *Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. *Larrea v. FPC Coffees Realty Co.*, No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

One court found that "[i]n recent years multipliers of between 3 and 4.5 have become common" and described 2.09 as "at the lower end of the range of multipliers awarded by courts within the Second Circuit." *In re Lloyd's Am. Trust Fund Litig.*, 2002 U.S. Dist. LEXIS 22663, 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (finding multiplier of 4.65 "well within the range awarded by courts in this Circuit and courts throughout the country"); *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("In this Court's opinion, a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases. The plaintiffs' bar is presumably selective enough with the cases they take on to win a recovery in at least half of them. A multiplier near 2 compensates them appropriately").

Courts then consider factors such as: "(1) the contingent nature of the expected compensation for services rendered; (2) the consequent risk of non-payment viewed as of the time of filing the suit; (3) the quality of representation; and (4) the results achieved." *Johnson v.*

*Brennan*, 2011 U.S. Dist. LEXIS 105775, 2011 WL 4357376, at *20 (internal citations omitted). Courts commonly award lodestar multipliers between two and six. *See id.* (discussing cases where lodestar multipliers between 2.09 and six were awarded).

### VI. Plaintiffs' Cheeks Motion Should Be Granted

Here my offices' standard hourly billing rate for my time is $500.00 an hour and I worked 70 hours. With regards to statutory attorneys' fees, courts in this District routinely award hourly attorney fee rates ranging from approximately $250 to $500—depending on experience— for attorneys working on FLSA litigation. *See Galicia v. T&H Village Food Corp d/b/a Village Diner, et al.*, 12 Civ. 3150 (E.D.N.Y. 2012) (in this case, Plaintiff's counsel was awarded approximately $500 an hour in an FLSA case); *Sajvin v. Singh Farm Corp.*, No. 17 CV 4032, 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018) (awarding $500 per hour to partner in FLSA case, though noting that "$450 has been the upper limit in this District since at least 2013"); *Bonaventura v. Gear Fitness One NY Plaza LLC*, 17 Civ. 2168 (ER), at *3 (S.D.N.Y. Apr. 26, 2021) ("[c]ourts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases").

I have reviewed our office's billing records and confirmed that time/resources devoted to this matter were reasonably and necessarily performed to litigate this matter effectively. I have acted as the lead counsel responsible for the prosecution of this action and also maintained contemporaneous time records reflecting the time spent on this matter. *See*, Exhibit "B" for a copy of the aforementioned.

My hourly rate is reasonable because I was admitted to the New York State Bar in 2002 and have focused on labor and employment law since that time. Moreover, I founded The Law Offices of Fausto E. Zapata, Jr., P.C., a small firm in Manhattan, in 2005, that has almost exclusively represented individual plaintiffs in a wide range of labor and employment issues from the inception of the firm. Moreover, I have 20 years of experience in the field of labor and employment law; I have successfully handled numerous wage and hour matters ranging from individual claims to collective actions involving over 400 plaintiffs. *See, Ramos v. The City of New York*, S.D.N.Y. 13 Civ. 9225 (KBF); *Ozpinar, et al. v. L & G Delite, LLC, et al.*, E.D.N.Y. 13 Civ. 7368 (SJ)(CLP); *Stephens v. The City of New York, et al.*, S.D.N.Y. 13 Civ. 2364 (KBF); *Olga Quintana v. United Building Maintenance Associates, Inc.*, E.D.N.Y. 11 Civ. 5708 (KBF); *Jehle v. The Christophers, et al.* S.D.N.Y. Index No. 14 CV 2284; *Sanchez v. Metro Terminals Corp.*, et al., E.D.N.Y. 10 Civ. 1645; *Carmen Maidana v. La Esquina Criolla Restaurant, Inc., et al.*, E.D.N.Y. Case No. 11 Civ. 2606 (CBM) (CLP)); *King v. Regen Medical Management, LLC, et al.*, SDNY Case No. 20 Civ. 6050; *Abel Vera et al. v. HK Kitchen Corp.*, SDNY Case No. 20 Civ. 8204; *Alexandra Ramos v. v. Karen Garden Apartment, Corp., et al.*, EDNY Case No. 18 Civ. 775 (CBA)(RLM); *Jose Ramirez v. M.L. San Jose Enterprises, Corp. (d/b/a Liberato Restaurant)*, SDNY Case No. 19 Civ. 3429 (LGS); *Jose Gomez v. Natures Way Foods Corp., et al.*, SDNY Case No. 19 Civ. 1440; *Perez v. Cohen & Steers Capital Management, Inc.*, SDNY Case No. 17 Civ. 09195 (KBF) (KNF); *Phyllis Minunni-Deebs v. Richmond University Hospital*, EDNY Case No. 17 Civ. 6239 (CBA)(VMS); *Zapeta, et al., v. Xolle Demo, LLC*, SDNY Case No. 17 Civ. 03998 (RRM)(PK); *Garrison Scott v. Zabar's & Co., Inc.*, SDNY Case No. 17 Civ. 5942 (PGG) (BCM); *Stradford v. Cohen & Steers Capital Management, Inc.*, SDNY Case No.

17 Civ. 2383; *Carlos Lopez v. PHM Realty, LLC*, SDNY Case No. 16 Civ. 7625 (PGG) (SN); *Harry Azcona v. Binlinguals, Inc.*, EDNY Case No. 15 Civ. 6025 (PKC) (VMS); *Garrison Scott v. Charlex, Inc., and GEP Commpay Services*, LLC, SDNY Case No. 13 Civ. 6436 (PGG) (HBP); *David R. Kozlow v. The City of New York, et al.*, 13 Civ. 8017 (LGS)(GWG).

With regards to attorneys' fees, our office and Plaintiff Pavon agreed that our office would fund the litigation and would receive a contingency of 33.3% of the gross recovery amount, in this case $19,833.30, after first deducting $500 in costs and expenses from Mr. Pavon's gross recovery amount, a multiplier of .6.

Mr. Castillo's attorney, Jason L. Solotaroff of Giskan Solotaroff & Anderson LLP, worked approximately 30 hours on this matter and his firm's paralegals worked approximately fifteen hours. Mr. Solotaroff is entitled to an hourly rate of at least $500 per hour. He was admitted to practice in 1991 and has been practicing employment law since 2002. Among Mr. Solotaroff's wage and hour cases in which approval of the settlement was granted are *Olmsted v. Halstead Management Co. LLC*, 16 CV 7732 (PGG) (SDNY); *Monaco v. Historic Old Bermuda Inn*, 18 CV 4101 (AMD)(VMS) (EDNY) and *Fannis v. Ace Industries Construction LLC*, 18 CV 00857 (JGK)(SDNY). The firm's paralegals bill at a reasonable rate of $175 hourly. Based on these hours and rates, the firm's lodestar is $17,625. Based on the retainer agreement with Mr. Castillo, Giskan Solotaroff & Anderson LLP will be paid one third of the recovery or $13,166.66, which is a multiplier of .74 of the lodestar plus $1000 in expenses. *See*, Exhibit "C" for documents and/or records in support of the aforementioned.

Based on the above, the attorney's fees that counsel will be paid as a result of the settlement are reasonable.

On this basis, the parties agree that this settlement is an equitable resolution to the instant matter.

Very truly yours,

Fausto E. Zapata, Jr.

C:  J. Solotaroff
    V. Carr
    File

8