UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TITO PAVON, et al.,                                :
                                                   :
                    Plaintiff,                     :          20-CV-5899 (OTW)
                                                   :
             -against-                             :          **OPINION & ORDER**
                                                   :
JANON ELECTRIC CORP., et al.,                      :
                                                   :
                    Defendants.                    :
                                                   :
                                                   :
------------------------------------------------------------x

**ONA T. WANG**, United States Magistrate Judge:

Plaintiffs Tito Pavon and Rodney Castillo (collectively, "Plaintiffs") brought this action

against Janon Electric Corp., Michael's Electrical Contracting Inc., Michael Posas, and Irene

Posas (collectively, "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and

New York Labor Law ("NYLL"). Plaintiffs alleged failure to pay overtime wages. (ECF 64 at 1).

Plaintiffs and Defendants reached a settlement and now seek Court approval of their proposed

settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.

2015). All parties have consented to my jurisdiction to decide this motion in accordance with 28

U.S.C. § 636(c). (ECF 66). For the reasons below, the Court **APPROVES** the settlement

agreement as fair and reasonable under *Cheeks*, with a minor modification to the requested

award of attorneys' fees and costs for Plaintiff Castillo.

I.      **Background[1]**

Plaintiffs state that they were employed by Defendants as electricians between July

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

2004 and February 2020. (ECF 64 at 2). Plaintiffs allege that they would often work more than

forty hours per week without receiving premium overtime pay equal to one and one-half times

the regular rate of pay for all hours worked in excess of a forty hour work week. (ECF 64 at 2).

After extensive negotiation and mediation, which took place on January 21, 2022, the parties

reached a settlement agreement. (ECF 64 at 3).

II.     **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal

court, but subjects that grant of permission to the limitations imposed by "any applicable

federal statute." The Second Circuit has held that "in light of the unique policy considerations

underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [Department

of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it

finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in

*Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement
> will enable the parties to avoid anticipated burdens and expenses in establishing
> their respective claims and defenses; (3) the seriousness of the litigation risks faced
> by the parties; (4) whether the settlement agreement is the product of arm's-length
> bargaining between experienced counsel; and (5) the possibility of fraud or
> collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

a.   **Range of Recovery**

Plaintiff Pavon's possible range of recovery for unpaid overtime wages, exclusive of

attorneys' fees, is in the range of $20,656.06 to $51,656.06. (ECF 61 at 3). The proposed total

settlement amount is $100,000.00. (ECF 61 at 4). Of the total settlement amount, Plaintiff

Pavon would receive $60,000, with $6,000 allocated to back wages, $33,666.70 allocated to liquidated damages and NYLL §§ 195(1) and 195(3) claims, $19,833.30 allocated to attorneys' fees, and $500 allocated to costs. (ECF 64 at 4, 8). Under this allocation, Plaintiff Pavon's take-home amount would be $39,666.70.[2] This represents nearly 77%[3] of Plaintiff Pavon's best-case scenario recovery.

Plaintiff Castillo states he was owed approximately $56,000 in unpaid overtime. (ECF 61 at 3). Of the total settlement amount, Plaintiff Castillo would receive $40,000, with $4,000 allocated to back wages, $22,333.36 allocated to liquidated damages and NYLL §§ 195(1) and 195(3) claims, and $14,166.64 allocated to attorneys' fees and costs. (ECF 64 at 4). However, this allocation adds up to $40,500, not $40,000.[4] The parties state that $1000 of Plaintiff Castillo's attorney's fees and expenses are allocated to costs. (ECF 64 at 8). The parties do not explain why Plaintiff Pavon's costs allocation is $500 and Plaintiff Castillo's costs allocation is $1000. Because the two plaintiffs have litigated the case together, and because they do not include supporting documentation for costs, the Court reduces Plaintiff Castillo's costs allocation to $500.[5]

Under this allocation, Plaintiff Castillo's take-home amount would be $26,333.36. This represents 47%[6] of Plaintiff Castillo's best-case scenario recovery. Given the risks of litigation as noted below, the Court finds this amount reasonable. *See Villalva-Estrada v. SXB Rest. Corp*, No. 14-CV-10011 (AJN), 2016 WL 1275663, at *3 (S.D.N.Y. Mar. 31, 2016) (approving settlement

---

[2] [60,000 – (19,833.30 + 500) = 39,666.7]

[3] (39,666.70 / 51,656.06 = .767)

[4] (4,000 + 22,333.36 + 14,166.64 = 40,500)

[5] *See Dymskaya v. Orem's Diner of Wilton, Inc.*, No. 3:12-CV-00388 (JAM), 2016 WL 30649, at *1 (D. Conn. Jan. 4, 2016) (decreasing amount of plaintiffs' requested attorney's fees award where plaintiff's math did not add up).

[6] (26,333.36 / 56,000 = .47).

agreement under which plaintiff would receive 47% of his maximum possible recovery).

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 61 at 3). Plaintiff faces the risk of no recovery, a lower recovery, or a delayed recovery because Defendants have produced Plaintiffs' time and payroll records, which Defendants claim show that Plaintiffs did not work the number of hours they claimed to have worked or earned the wages they claimed to have earned. (ECF 61 at 3). Defendants also acknowledge that they may have exposure associated with the Plaintiffs' claims. (ECF 61 at 3).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations conducted through the help of a mediator, and there is no evidence to the contrary. (ECF 61 at 3-4).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiffs' employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, Plaintiff Pavon's attorney's fees award of $19,833.30 is reasonable, and represents 33% of the award allocated to Plaintiff Pavon.[7] Similarly, Plaintiff Castillo's attorney's fees award of $13,166.64 also represents about 33% of the settlement allocated to Plaintiff Castillo.[8] Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%"). Given these facts, the Court finds the attorneys' fees award to be reasonable.

---

[7] (19,833.30 / 60,000 = .33)
[8] (13,166.64 / 40,000 = .329)

### III.     Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement of $100,000 as fair and reasonable, with $60,000 allocated to Plaintiff Pavon and his counsel and $40,000 allocated to Plaintiff Castillo and his counsel. Plaintiff Pavon will receive **$39,666.70** and Plaintiff Castillo will receive **$26,333.36**. Plaintiff Pavon's counsel will receive **$20,333.30**, with **$19,833.30** allocated to attorneys' fees and **$500.00** to costs. Plaintiff Castillo's counsel will receive **$13,666.64**, with **$13,166.64** allocated to attorneys' fees and **$500** to costs. The Clerk of Court is respectfully directed to close ECF Nos. 64, 67, and 68.

**SO ORDERED.**


_s/ Ona T. Wang_

Dated: November 17, 2022                    **Ona T. Wang**
         New York, New York                  United States Magistrate Judge